```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

LESLIE HOWELL,                  )
                                )
          Plaintiff,            )
                                )
v.                              )    Case No. CIV-18-175-JHP-KEW
                                )
COMMISSIONER OF SOCIAL          )
SECURITY ADMINISTRATION,        )
                                )
          Defendant.            )
```

**REPORT AND RECOMMENDATION**

Plaintiff Leslie Howell (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 43 years old at the time of the ALJ's latest decision. Claimant completed her high school education and two

3

years of college. Claimant worked in the past as a mail room clerk, in customer service, and as a dishwasher. Claimant alleges an inability to work beginning November 13, 2012 due to limitations resulting from bipolar disorder, manic depression, hallucinations, suicide attempts, rods and pins in the left leg, hip problems, degenerative bone disease, knee problems, osteoporosis, difficulty walking, head trauma, severe headaches, PTSD, seizures, and arthritis. (Tr. 115-16).

## Procedural History

On September 8, 2014, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 21, 2015, Administrative Law Judge ("ALJ") Kenton W. Fulton conducted an administrative hearing in Oklahoma City, Oklahoma. On May 30, 2017, the ALJ issued an unfavorable decision. On April 5, 2018, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform sedentary work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly ignoring medical evidence in the record; and (2) failing to properly consider Claimant's headaches in the RFC.

### Consideration of the Medical Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of chronic headaches, degenerative joint disease, osteoarthritis of the knees, left hip fracture, status post pinning of the left hip, left leg fracture of the left femur with open reduction internal fixation, obesity, bipolar disorder, and post-traumatic stress disorder ("PTSD"). (Tr. 15). The ALJ determined Claimant could perform sedentary work. (Tr. 17). In so doing, the ALJ found Claimant could lift and/or carry ten pounds occasionally and up to ten pounds frequently, could sit for six hours in an eight hour workday and stand/and or walk for two hours in an eight hour workday, could occasionally balance, stoop, kneel,

crouch, crawl, and climb ramps and stairs. She could not climb ladders, ropes, or scaffolds. She must avoid exposure to hazards, machinery, and heights. Claimant was limited by the ALJ to simple, repetitive tasks with routine supervision. She could engage in occasional interaction with co-workers and supervisors but must avoid public contact. Id.

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of final assembler, weight tester, and grinding machine operator, all of which were found to exist in sufficient numbers in the regional and national economies. (Tr. 24). As a result, the ALJ found Claimant was not under a disability from November 13, 2012 through the date of the decision. Id.

Claimant first contends that the ALJ mistakenly identified the physician treating Claimant as "Dr. Zwiener" when, in fact, the treating physician was Dr. Sung Choi. (Tr. 1421-23). It is apparent from the ALJ's decision that this is the report to which he referred and his misidentification represents a typographical error. (Tr. 19, 22).

Dr. Choi examined Claimant on March 28, 2015 and determined Claimant suffered from left hip pain status post possible femoral

6

neck repair as well as remote history of a femur open reduction internal fixation. He concluded that her condition would "preclude continued working in the kitchen environment, which was her last position." He found "[a]ny period of prolonged standing or job requiring physical activity would be made difficult by her current condition." He noted Claimant's history of memory loss possibly related to a remote history of a motor vehicle accident and traumatic brain injury. Dr. Choi concluded that his findings "would suggest a difficulty performing normal work-related tasks and corroborated by physical findings . . . ." (Tr. 1423).

The ALJ found Dr. Choi's opinion was entitled to "partial weight because the record supports that the claimant's joint pain and obesity would preclude some exertional activities. However, Dr. [Choi's] opinion is somewhat vague and does not provide a function-by-function assessment of the claimant's functional abilities." (Tr. 22).

It is not entirely clear that the RFC restrictions and Dr. Choi's opinion are incongruent due to the imprecision utilized by Dr. Choi in his opinion. Claimant was restricted by the ALJ to a limited range of sedentary work that only involved a maximum of two hours standing. Dr. Choi found Claimant could not engage in

7

"prolonged standing". He also found Claimant could not engage in kitchen activity and the ALJ eliminated the past work as a dishwasher in a kitchen where Claimant had to stand for five hours at a time. He also found Claimant would have difficulty with "normal work-related tasks" and does not indicate the type of work contemplated by Dr. Choi and which tasks were considered normal. Again, because of the unspecific language employed by Dr. Choi, this Court cannot find that the ALJ erroneously failed to include the restrictions in the RFC imposed by Dr. Choi in his opinion.

### Consideration of Headaches

Claimant contends the ALJ failed to accommodate Claimant's headaches in the RFC which were acknowledged as a severe impairment at step two. The ALJ noted Claimant went to the emergency room multiple times for headaches in 2016. (Tr. 19). He did not, however, find evidence of any further neurological abnormalities and the headaches were always quickly resolved with medication and fluids. (Tr. 19, 1603-38, 1732-86). The ALJ restricted Claimant to unskilled work in which concentration was not critical. Soc. Sec. Admin.'s Program Operations Manual System DI § 25020.010(B)(3). To the extent Claimant's headaches pose a problem to Claimant's concentration, the RFC restricts the type of

8

work which might be exacerbated by the condition. Beyond the limitations imposed, Claimant does not suggest a further limitation in functional work-related activities which would be required by the headaches. No error is created by the ALJ's treatment of Claimant's headache condition.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2019.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma